# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Terry K. Breaux,                                           Case No. 24-cv-3979 (JRT/DJF)

        Plaintiff,

v.                                                          **ORDER AND**
                                               **REPORT AND RECOMMENDATION**

Ti-Zack Concrete Inc.,

        Defendant.

This matter is before the Court on Defendant Ti-Zack Concrete Inc.'s[1] Motion for Involuntary Dismissal (ECF No. 52) ("Motion to Dismiss")[2] and Plaintiff Terry K. Breaux's Motion for Protective Order and Request for Judicial Intervention (ECF No. 60) ("Motion for Protective Order").  For the reasons stated below, the Court denies Mr. Breaux's Motion for Protective Order and recommends the Motion to Dismiss be granted.

## BACKGROUND

Mr. Breaux initiated these proceedings pro se by filing a Complaint on October 21, 2024. (ECF No. 1.)  Two days later, Mr. Breaux filed an Amended Complaint.  (ECF No. 3.)  His Amended Complaint alleges Defendant employed him from May 2021 to August 2021, and that during his employment, Defendant engaged in unlawful discriminatory and retaliatory conduct against him based on his race, color, national origin, age, and disability.  (*Id.* at 2-7.)  The Amended Complaint asserts five counts and seeks monetary and injunctive relief.  (*Id.* at 5-8.)  On November

---

[1] Defendant refers to itself as Ti-Zack Concrete, LLC (*see* ECF No. 30 at 1).  However, this action is docketed against Ti-Zack Concrete, Inc. as identified in the Amended Complaint (ECF No. 3 at 2), and neither party has moved for a docket correction.

[2] The Motion is before the undersigned because the presiding district judge, the Honorable John R. Tunheim, referred it for a report and recommendation.  (ECF No. 58.)

11, 2024, Ryan H. Ahlberg entered a notice of appearance as counsel for Mr. Breaux.  (ECF No. 6.)

Defendant initially responded to the Amended Complaint by filing a Motion for Partial Dismissal,

which sought to dismiss four of the five counts. (ECF No. 11.)  The parties later agreed to

voluntarily dismiss those counts by stipulation (ECF No. 18), and Judge Tunheim approved the

stipulation (ECF No. 22).  The only claim now remaining in this suit is Count I of the Amended

Complaint: discrimination on the basis of race, color, and national origin.  (ECF No. 3 at 5.)

The case appeared to be proceeding normally until January 8, 2026, when Mr. Ahlberg filed

a Motion to Withdraw as Counsel (ECF No. 31).  The Motion to Withdraw argued that good cause

for withdrawal existed because: (1.) Mr. Ahlberg had to take care of his 6-year-old son for several

weeks due to an unforeseen medical emergency, and Mr. Breaux was unwilling to stay the

proceedings for 30-60 days to accommodate Mr. Ahlberg's need to care for his child; and (2.) Mr.

Ahlberg and Mr. Breaux had "fundamental disagreements about the prosecution of [Mr. Breaux's]

claims."  (ECF No. 32.)  The Court scheduled a hearing for the withdrawal motion for February 2,

2026.  (ECF No. 34.)

Ten days before the hearing, Defendant filed a Motion to Amend the Pretrial Scheduling

Order (ECF No. 37), seeking to extend the deadline for the close of fact discovery and all later

pretrial deadlines because Mr. Breaux had refused to answer questions and prematurely terminated

his January 14, 2026 deposition after less than half an hour (ECF No. 39 at 2, 4; ECF No. 55 at 1).

The Court added Defendant's motion to the February 2 hearing's agenda.  (ECF No. 42.)  Mr.

Ahlberg, Mr. Breaux, and defense counsel appeared at the hearing and stated their positions on the

record.  (ECF No. 44.)  After considering their arguments, the Court granted the motions from the

bench.  (*Id.*)  The Court also told Mr. Breaux that if he wished to continue prosecuting his case, he

must participate in discovery by answering all questions asked during his deposition or risk the

Court recommending that his case be involuntarily dismissed.  Mr. Breaux did not object to the Court's ruling or instructions to him.

Defendant attempted to take Mr. Breaux's deposition via remote videoconference again on February 19, 2026, but after a few hours of responding to questions, he refused to continue doing so. (ECF No. 55 at 2-4; ECF No. 55-2 at 34.)  After defense counsel reminded him of the Court's order directing him to comply with questioning during his deposition, he responded, "I don't give a fuck.  I still have a right.  I don't have to say shit to you," and logged out of the videoconference.  (ECF No. 55-2 at 34-35.)

The next day, Mr. Breaux sent a letter to the Court objecting to defense counsel's "[c]ontinued procedural pressure, repeated litigation communications, and unilateral deposition scheduling," which he argued "create significant imbalance and prejudice to a self-represented litigant."  (ECF No. 50.)  The letter requested: "Court-supervised scheduling of depositions and discovery"; "Protection from undue litigation pressure"; "Fair procedural balance for a pro se litigant"; and "Enforcement of the Federal Rules in a neutral manner."  (*Id.*)  Unaware that the second deposition had already occurred, the Court denied Mr. Breaux's request stating, "If Plaintiff wishes to continue prosecuting this case he must participate in discovery, including his deposition, and must cooperate with defense counsel to schedule it at a reasonable time."  (ECF No. 51.)

On March 11, 2026, Defendant filed its Motion to Dismiss, arguing that Mr. Breaux's repeated refusals to complete his deposition warranted dismissal of his claims with prejudice pursuant to Fed. R. Civ. P. 41(b).  (ECF Nos. 52, 54.)  The Court set an in-person hearing on Defendant's Motion to Dismiss for April 30, 2026.  (ECF No. 59.)

On April 14, 2026, the Court received Mr. Breaux's Motion for Protective Order.  (ECF No. 60.)  The motion states that Mr. Breaux attempted to reach a settlement with Defendant, but that

defense counsel nonetheless "unilaterally scheduled" his deposition for February 19, 2026. (*Id.*) The motion asks the Court to: "Issue a Protective Order"; "Suspend or reschedule the deposition"; "Require fair coordination of discovery"; "Protect Plaintiff's procedural rights"; and "Grant any further relief the Court deems just." (*Id.*)

The next day, the Court notified the parties that it would hear arguments on Mr. Breaux's Motion for Protective Order during the April 30 hearing. (ECF No. 61.) The Clerk's Office mailed the notice to Mr. Breaux at the address listed on his Motion for Protective Order, but it was returned as undeliverable. The Clerk's Office also attempted multiple times to call Mr. Breaux using the number he previously provided the Court, but the calls either went to voicemail or the person who answered the phone said the Clerk's Office had the wrong number. Though it is unclear whether Mr. Breaux received the Court's notice that his Motion for Protective Order would be heard on April 30, the Court's previous notice to Mr. Breaux that Defendant's Motion to Dismiss would be heard on that date (ECF No. 59) was not returned as undeliverable.

The Court held the April 30 hearing on the parties' motions. (ECF No. 64.) Defense counsel entered their appearances on the record and presented argument. However, Mr. Breaux failed to appear. (*Id.*)

## DISCUSSION

### I.    Motion for Protective Order

The Court denies Mr. Breaux's Motion for a Protective Order for several reasons. First, Mr. Breaux's motion makes essentially the same arguments and seeks the same relief as his February 20 letter, which the Court denied. Mr. Breaux has not identified any changed circumstances since that time that would warrant reconsideration of the Court's prior ruling. Second, Mr. Breaux appears to have failed to make a good faith effort to meet-and-confer with defense counsel prior to filing his

motion. (*See* ECF No. 63 at 3-4, stating Mr. Breaux had not met and conferred with defense counsel prior to filing his motion.) This failure violates Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, and it constitutes another independent basis to deny his motion. Finally, the motion itself fails to provide good cause as required by Rule 26(c)(1). Prosecuting a lawsuit in federal court is a time-consuming and difficult endeavor. Mr. Breaux's motion is premised on the belief that his pro se status constitutes good cause for the Court to make the litigation process easier for him. But the Court cannot relieve a party of the burdens inherent to litigation because he has decided to proceed pro se. *See Lindstedt v. City of Granby*, 238 F.3d 933, 938 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C.C. 1983) ("While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo expert assistance."). The mere fact that Mr. Breaux is unrepresented by counsel is therefore not good cause for a Protective Order. For all these reasons, the Court denies Mr. Breaux's Motion for a Protective Order.

## II.     Motion to Dismiss

The Court recommends that Defendant's Motion to Dismiss be granted and this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. That rules states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

There are multiple grounds for dismissal. Mr. Breaux willfully left his first deposition. The Court gave him a second chance and ordered him to respond to defense counsel's questions at the next deposition if he wished to continue litigating his matter. The Court also warned him that a

refusal to comply may result in a recommendation that this matter be dismissed.  Mr. Breaux's refusal to respond to questioning at his second deposition constitutes not only wanton obstruction of the discovery process but also "willful disregard of a court order."  *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).  The Court has reviewed the videotape of the deposition and finds the questions Mr. Breaux refused to answer were appropriate and relevant to the case.  The Court further notes that defense counsel remained professional throughout that proceeding, notwithstanding Mr. Breaux's obstructionist behavior and use of unprofessional language.  His conduct after having been warned by the Court is a ground for dismissal.  *Id.*

Mr. Breaux also failed to file any response to Defendant's Motion to Dismiss or even appear for the April 30 hearing.  Though Mr. Breaux may not have received the Court's notice of hearing as to his Motion for Protective Order because it was returned as undeliverable, the record indicates he received adequate notice of Defendant's Motion to Dismiss and the date and time of the hearing on that motion in light of: (1.) Defendant's declaration of service stating defense counsel served the Motion to Dismiss on Mr. Breaux via two email addresses and mail (ECF No. 57); and (2.) the fact that the Court's notice of hearing as to the Motion to Dismiss was not returned as undeliverable.  The Court thus concludes that Mr. Breaux's failure to respond in any way constitutes a waiver of any defense Mr. Breaux may have had to that motion.  *See Johnson v. Hennepin County*, No. 23-cv-66 (ECT/DTS), 2023 WL 7195241, at *2 (D. Minn. Nov. 1, 2023) ("[Plaintiff's] *pro se* status does not excuse his failure to respond to the motion, and this failure constitutes a waiver.").  His waiver is another ground for dismissal.

Finally, the Court considers whether dismissal ought to be with or without prejudice.  The Court "recognizes that dismissal with prejudice is an extreme sanction to be used sparingly, in the face of only the most egregious misconduct."  *Fitzpatrick v. Hennepin County*, No. 09-cv-1954

(RHK/JJK), 2010 WL 1626906, at *3 (D. Minn. Apr. 21, 2010).  The Court concludes that dismissal with prejudice is an appropriate sanction here due to: (1.) Mr. Breaux's repeated failure to comply with his discovery obligations; (2.) his willful disregard of this Court's order directing him to respond to questioning at his deposition; (3.) the Court's prior warning that failure to respond to questioning during his deposition may result in dismissal; (4.) his disrespectful conduct during the deposition; and (5.) his failure to respond to Defendant's motion or to appear at the April 30 hearing.  *See Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (stating dismissal with prejudice is an appropriate sanction in cases of "willful disobedience of a court order"); *Sultana v. Endeavor Air*, No. 21-cv-2364 (JWB/TNL), 2023 WL 5436295, at *13 (D. Minn. May 30, 2023) (recommending dismissal with prejudice because of plaintiff's repeated "failure to adhere to court orders, participate in discovery, and respond to Defendant's motions … without sufficient explanation."), *report and recommendation adopted*, 2023 WL 5431547 (D. Minn. Aug. 23, 2023), *aff'd on appeal*, 2024 WL 3839172 (8th Cir. Aug. 16, 2024).

A plaintiff cannot file a lawsuit forcing the defendant to expend the significant effort and expense associated with defending it and yet avoid his obligations under the Rules to participate in reasonable discovery.  When Mr. Breaux initiated this action, he took on the responsibility to truthfully answer Defendant's questions about his claims.  He has repeatedly refused to do so, and now he has further failed to provide the Court with a reliable means to communicate with him.  For all these reasons, the Court recommends the Motion to Dismiss be granted with prejudice.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Terry K. Breaux's Motion for Protective Order and Request for Judicial Intervention (ECF No. 60) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.    Defendant Ti-Zack Concrete Inc.'s Motion for Involuntary Dismissal (ECF No. 52)

        be **GRANTED**; and

2.    This matter be **DISMISSED WITH PREJUDICE**.


Dated: May 4, 2026                                    *s/ Dulce J. Foster*
                                                              Dulce J. Foster
                                                              United States Magistrate Judge


## NOTICE

### Order

**Filing Objections**: This Order is not appealable to the Eighth Circuit Court of Appeals until the conclusion of this matter.

Under Local Rule 72.2(a)(1), "a party may file and serve written objections to the order within 14 days after being served a copy" of the order.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(a)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

### Report & Recommendation

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).